UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JANE BRELINSKI,

      Plaintiff,                  CIVIL ACTION NO. 14-13300

   v.

                                  DISTRICT JUDGE STEPHEN J. MURPHY
                                  MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION:

    **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

## II.    REPORT

### A.  Introduction and Procedural History

    Plaintiff filed an application for Social Security Disability Income Benefits (DIB) on September 7, 2011, alleging that she had been disabled and unable to work since July 1, 2010, at age 50, due to severe back, neck and left foot pain. Benefits were initially denied by the Social Security Administration (SSA). A requested de novo hearing was held on February

5, 2013, before Administrative Law Judge (ALJ) Kevin W. Fallis. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option where she would not have to perform any overhead reaching or operate foot controls. The Administrative Law Judge further restricted claimant from jobs requiring any pushing, pulling or the climbing of ladders, ropes and scaffolds.  In addition, claimant could not be exposed to excessive vibration, hazardous moving machinery or unprotected heights.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 52 years old at the time of the administrative hearing.  She had been graduated from high school, and had been employed as a housekeeper, parts inspector, production worker and lunch monitor during the relevant past (TR 60-61).  Plaintiff alleged that she was disabled and unable to return to work due to severe back and neck pain following a 2010 work injury (TR 29, 149). Despite undergoing back and neck surgeries, claimant continued to experience chronic pain that radiated down into her left foot (TR 32, 34-35). She allegedly was unable to stand or walk for prolonged periods (TR 35-36). Claimant estimated that she could not stand or sit for longer than ten minutes, walk more than fifty feet or lift anything heavier than her three pound purse (TR 37-40). She was unable to

crouch, kneel, crawl or climb a ladder (TR 40-41). As a result of the chronic pain, Plaintiff explained that she was depressed and had frequent crying spells (TR 42). Claimant admittedly was able to cook, go grocery shopping, drive an automobile, read for pleasure, and occasionally attend church (TR 47-48, 51).

A Vocational Expert, Mary Everts, classified Plaintiff's past work as light to medium, unskilled activity (TR 61). The witness testified that, if claimant were capable of light work, there were numerous unskilled assembly, surveillance monitor, information clerk and inspection jobs that she could perform with minimal vocational adjustment. These jobs involved performing repetitive tasks in a work environment free of fast paced production requirements. They allowed a sit-stand option at will, provided a worker was not off task more than 10 percent of the time[1]. There would be no requirement to perform any overhead reaching, or to frequently balance, stoop, kneel, crouch or crawl. Workers were not exposed to excessive vibrations, moving machinery or unprotected heights (TR 62-65).

### B.      ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease of the lumbar and cervical spine and arthritis of the left foot, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ determined that claimant required a sit-stand

---

[1]The witness testified that all work would be precluded if claimant needed to be off task more than 20 percent of the time in order to rest, or would miss more than two workdays a month in order to go to the doctor (TR 65).

option at will, but recognized that she could not be off-task more than ten percent of the work period. She was found to be unable to perform any overhead reaching, operate foot controls, or climb ladders, ropes and scaffolds. The ALJ further restricted claimant to jobs that did not expose her to excessive vibrations, hazardous machinery or unprotected heights. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 13-19).

### C.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See <u>Kirk v. Secretary</u>, 667 F.2d 524, 535 (6th Cir. 1981), <u>cert</u>. <u>denied</u>, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  <u>Kirk</u>, 667 F.2d at 536.  If the Commissioner's decision is

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not support a finding that she remains capable of performing a limited range of light work activity.  She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her physical and emotional functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record does not confirm the disabling nature of her joint pain or mental difficulties.

### D.    Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work.  Contrary to Plaintiff's assertion, the medical evidence does not support her allegations of totally disabling joint pain or chronic depression.

The medical record contains little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to her back and left foot pain.  According to her treating physicians, claimant enjoyed good results from her two back fusion operations.  Dr.

5

Jawad Shah, a long time family doctor, repeatedly described Plaintiff's radiculopathy as either improved, or no longer present, following her lumbar and cervical spine surgeries (TR 688, 711, 742, 744, 746). Dr. Shah also observed, in both 2011 and 2012, that Plaintiff had full strength in both legs, negative straight leg raising bilaterally and a normal gait. (TR 742-745, 778-779). In addition, Dr. Paul Telehowski reported in February 2012, that the claimant was able to perform heel walking without difficulty (TR 773). Several post-surgery treatment records reported reduced pain symptoms, and described her overall level of functioning as improved (TR 742-745, 770-779).

The ALJ also determined that Plaintiff had a history of depression and anxiety, but found that these impairments were not severe (TR 15). An impairment is considered "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). While claimant maintains that her mental impairments did interfere with her ability to engage in basic work activities, she had failed to identify medical evidence in the record supporting her assertion. See 20 C.F.R. § 404.1512 ("You must provide medical evidence showing that you have an impairment(s), and how severe it is ... [and] how your impairment(s)affects your functioning during the time you say that you are disabled.").

Although claimant's primary care physician prescribed psychiatric medications, she did not seek or participate in any formal mental-health treatment. Plaintiff's emotional condition has remained stable over time with no evidence of mental related hospitalizations

6

or emergency room visits. Moreover Plaintiff reportedly made good eye contact, engaged in normal psychomotor activity, and was able to groom herself properly.  In general, claimant reportedly was in a good mood and displayed a normal affect (TR 793). Following his review of the medical record in December 2011, a state agency psychologist, Dr. Darrell Snyder, concluded that Plaintiff's mental impairments were not severe (TR 73-74).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation.  In the instant case, the claimant has failed to point to any medical opinion, or other evidence, demonstrating additional work-related limitations caused by those conditions allegedly ignored by the Law Judge.  Considering the totality of the medical record, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back pain and emotional difficulties were not fully credible.

The medical record contains no evidence of debilitating side-effects from pain medications. Significantly, no doctor declared her to be totally and permanently disabled. Despite allegations that she suffered from severe pain radiating throughout her body, the claimant was able to perform a wide range of activities of daily living.  Claimant admittedly was able to cook, go grocery shopping, drive an automobile, read for pleasure, and occasionally attend church (TR 47-48, 51). See Warner v. Commissioner, 375 F.3d 387, 392

7

(6th Cir. 2004) ("the [ALJ] justifiably considered [the plaintiff's] ability to conduct activities of daily life activities in the face of his claim of disabling pain").  The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced light work that did not require frequent crouching, crawling, stooping, climbing or balancing.

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with

8

her significant impairments[2], the Vocational Expert testified that there were numerous unskilled assembly, surveillance monitor, information clerk and inspection jobs that she could perform with minimal vocational adjustment. These jobs involved performing repetitive tasks in a work environment free of fast paced production requirements. They provided a sit-stand option at will, as long as a worker was not off task more than 10 percent of the time. There would be no requirement to perform any overhead reaching or to frequently balance, stoop, kneel, crouch or crawl. Workers would not be exposed to excessive vibrations, moving machinery or unprotected heights (TR 62-65). Given the objective clinical findings of the examining physicians of record, there is substantial evidence on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity[3].

---

[2]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain, anxiety and depression. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs that did not require frequent bodily movements (TR 13-19). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

[3]Plaintiff asserts that the ALJ was required to find her limited to sedentary work, once he found that she required a sit-stand option. This unsupported argument was contradicted by the Vocational Expert, who was able to identify jobs consistent with both a light-work limitation and a sit-stand option (TR 64). The VE also confirmed to counsel that the particular jobs she identified (assembler and inspector) could be performed either sitting or standing, as long as the individual could meet the lifting requirements of light work (TR 66-67). Claimant also argues that the Vocational Expert's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT") because the DOT does not say anything about a sit-stand option. (See Plaintiff's Brief in Support of Summary Judgment at p.10). Generally, where there is a conflict between the vocational expert's testimony and the DOT, the ALJ should elicit an explanation for that conflict from the vocational expert. See SSR 00-4p, 2000 WL 1898704, at *4. Here, the ALJ told the Vocational Expert that he would assume her testimony was based on her "knowledge, education, training, and experience," and consistent with the DOT, unless she told him otherwise (TR 60). The Vocational Expert explained that she

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

---

was reducing the number of jobs she identified in order to account for the sit-stand option, along with some of the other restrictions (TR 64). The Vocational Expert, therefore, accounted for the DOT's silence as to a sit-stand option by relying on her experience and reducing the job numbers. Plaintiff did not raise any objections regarding any potential inconsistency with the DOT during the hearing.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

CHARLES E. BINDER

Dated: May 18, 2015                United States Magistrate Judge

11