UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA JANE BRELINSKI,

    Plaintiff,

Case No. 14-cv-13300

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                        /

**ORDER OVERRULING OBJECTIONS**
(document no. 15), **ADOPTING REPORT AND RECOMMENDATION**
(document no. 14), **DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT** (document no. 11), **GRANTING COMMISSIONER'S MOTION
FOR SUMMARY JUDGMENT** (document no. 12), **AND DISMISSING THE CASE**

    The Social Security Administration ("SSA") denied the application of Deanna Jane Brelinski ("Brelinski") for disability income benefits ("DIB") in a decision issued by Administrative Law Judge ("ALJ") Kevin W. Fallis on May 30, 2013. *See* Administrative Record ("A.R.") 8–23, ECF No. 8-2. After the SSA Appeals Council declined to review the decision, Brelinski appealed. The Court referred the matter to Magistrate Judge David R. Grand, and the parties filed cross-motions for summary judgment. *See* Mots. Summ. J., ECF Nos. 11, 12. The matter was referred to Magistrate Judge Charles E. Binder pursuant to an administrative order and Magistrate Judge Binder issued a Report and Recommendation ("Report") suggesting that the Court deny Brelinski's motion and grant the Commissioner of Social Security's motion. Report, ECF No. 14. Brelinski filed timely objections to the Report. Obj., ECF No. 15.

    After examining the record and considering Brelinski's objections de novo, the Court concludes that her arguments do not have merit. Accordingly, the Court will adopt the

Report's findings, deny Brelinski's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Brelinski's action against the Commissioner. Report 1–4, ECF No. 14. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a Magistrate Judge's report. A District Court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Thus, the Court will conduct de novo review of the Report with respect to Brelinski's objections.

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without

directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Brelinski objected to four parts of the Report: (1) the analysis of whether there was substantial evidence on the record to support the ALJ's decision; (2) the analysis of Brelinski's psychiatric impairment; (3) the finding that the ALJ's credibility analysis was accurate; and (4) the analysis of the ALJ's residual functional capacity ("RFC") determination.

All of Brelinski's objections, however, are taken almost verbatim from her motion for summary judgment. Mot. Summ. J., ECF No. 11. She raises nothing new that the magistrate judge did not already consider. She disregards the requirement to "file specific written objections to the proposed findings and recommendations" under Civil Rule 72(b)(2). Fed. R. Civ. P. 72(b)(2). Accordingly, the Court need not address the objections. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991) (general objections render a district court's review of the magistrate's report useless); *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (the Court is not obligated to address objections that are "merely recitations of the identical arguments that were before the magistrate judge"). As a matter of completeness, however, the Court will briefly evaluate each objection in turn.

First, Brelinski argues that the magistrate judge wrongly analyzed whether Brelinski retained the RFC for light work. Obj. 1–2, ECF No. 15. Brelinski alleges that the

assessment "is devoid of any RFC assessments of any physicians" and the decision "does not comport with the medical evidence or Plaintiff's testimony." *Id.* The Court finds that the ALJ properly reviewed several medical records, including the descriptions of Brelinski's positive post-surgery health from Drs. Jawad Shah and Paul Telehowski. A.R. 15, 17, 688, 711, 742, 770–79, ECF Nos. 8-2, 8-8. Accordingly, the Court finds Brelinski's objection is without merit.

Second, Brelinski asserts that the magistrate judge should have concluded that her "psychiatric condition was a severe impairment." Obj. 2–3, ECF No. 15. The issue, however, is whether the ALJ properly considered Brelinski's mental condition in his RFC evaluation. Brelinski did not provide any medical opinions or other evidence showing that her mental condition prevented her from performing light work. A.R. 17, ECF No. 8-2. She also failed to "participat[e] in any recent formal mental health treatment." A.R. 15, ECF No. 8-2. The ALJ relied, therefore, on the opinion of state agency psychologist Dr. Darrell Snyder, who concluded that Brelinski's mental impairments were non-severe. A.R. 17, ECF No. 8-2. The ALJ found Dr. Snyder's conclusions to be credible. *Id.* The Court agrees with the ALJ.

Third, Brelinski contends that the magistrate judge improperly upheld the ALJ's credibility analysis regarding Brelinski's testimony at the administrative hearing. Ob. 3–4, ECF No. 15. The Court disagrees. When considering the claimant's complaints of pain, "an ALJ may properly consider the credibility of the claimant. Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997) (internal

4


citations omitted). The ALJ here considered Brelinski's credibility by juxtaposing Brelinski's self-described symptoms with a successful surgery, several positive reports from treating physicians, and a "mild limitation" on activities of daily living. A.R. 13–15, ECF No. 8-2. The Court gives deference to the ALJ's findings and concludes that the ALJ properly assessed evidence related to Brelinski's credibility.

Fourth, Brelinski objects to the magistrate judge's analysis of the ALJ's RFC determination. Obj. 4–6, ECF No. 15. The Court will overrule that objection as well. The ALJ noted Brelinski's history of "a degenerative disc disease of the lumbar and cervical spine," "history of degenerative joint disease of the left foot," and "history of depression and anxiety." A.R. 17, ECF 8-2. The Court finds that the ALJ properly analyzed Brelinski's impairments in light of clinical findings from Brelinski's examining physicians when making the RFC determination. Report, ECF No. 14.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Magistrate Judge's Report, and Brelinski's objections. The Court finds Brelinski's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Brelinski's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Brelinski's Objections (document no. 15) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 14) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Brelinski's Motion for Summary Judgment (document no. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 12) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                        s/Stephen J. Murphy, III  
                        STEPHEN J. MURPHY, III  
                        United States District Judge

Dated: September 21, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2015, by electronic and/or ordinary mail.

                        s/Carol Cohron  
                        Case Manager